UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL NO. 04-59-DLB**

**UNITED STATES OF AMERICA**            **PLAINTIFF**

**VS.**

**JEFFREY L. TINSLEY**            **DEFENDANT**

## REPORT AND RECOMMENDATION

On June 11, 2008 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, JEFFREY L. TINSLEY, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Dean Pisacano and the United States was present through Assistant United States Attorney Alamdar S. Hamdani. The proceedings were recorded by official court reporter Joan Averdick and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of his supervised release as set out in the May 12, 2008 violation report of U.S.P.O. Anthony C. Josselyn.

After pleading guilty to one count of Possession of With Intent to Distribute Cocaine, the defendant was sentenced on May 19, 2005 to twelve months and one day imprisonment followed by a six year term of supervised release which included substance abuse aftercare, alcohol abstinence, a special search condition and a $100.00 special assessment. The defendant's supervised release began on February 28, 2006. However, when he reported to the probation office on March 1, 2006, a breath test detected the presence of alcohol. Due to his intoxicated state after release from

1

incarceration, and upon beginning his term of state probation as well, the state probation office placed the defendant in the Kenton County Detention Center and the state parole board revoked his term of state probation. As a result his TSR did not start until June 30, 2006 when he was released from state custody.

Due to multiple Grade C violations (failure to pay special assessment fee, failure to notify USPO of employment termination, a new arrest - No Operators License, failure to disclose new arrest, failure to submit multiple monthly supervision reports), the Court modified defendant's supervision and placed him in the Talbert House for 90 days. He now stands charged with the following new violation:

**VIOLATION #1 - THE DEFENDANT SHALL SUCCESSFULLY COMPLETE THREE MONTHS IN THE TALBERT HOUSE HALFWAY HOUSE IN CINCINNATI, OHIO.**

The defendant was unsuccessfully discharged from the Talbert House on April 28, 2008. According to Talbert House personnel, Tinsley failed to participate in a corrective thinking counseling session, his participation in the treatment program reflected "minimal effort", and he failed to make subsistence payments as required by Talbert House regulations. Although admitting his discharge from the program, defendant asserted in mitigation that he had no personal relationship and indeed a conflict with his case manager at the Talbert House who disregarded anything stated by Tinsley. For instance, defendant asserted that a grievance he filed concerning his counselor was never addressed and that he explained in detail his financial problems to his case manager but to no avail. Normal procedure at the Talbert House is for occupants to pay 1/4 of their gross income for subsistence. Defendant also informed the Court that he has applied to Gateway College to further his work/education skills.

USPO Josselyn advised that Tinsley has made minimal effort at maintaining routine compliance with the probation office and has carried that conduct over to the Talbert House. It is apparent from review of this record and the defendant's past conduct and numerous infractions that efforts by his probation officer to assist Tinsley in obtaining some stability in his life circumstances have all been futile. With a Criminal History Category IV and a Grade C violation, the applicable Guideline range is 6-12 months. After argument from counsel on the appropriate sentence, accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release as set out above and that it be REVOKED;

2. That the defendant, JEFFREY L. TINSLEY, be sentenced to the custody of the Attorney General for a period of **NINE (9) MONTHS** with NO supervised release to follow;

3. That the defendant pay an immediate assessment of $100.00 as originally ordered on May 19, 2005;

4. At the time of the execution of the judgment and commitment order in this case, the defendant shall report to the United States Marshal Service within **forty-eight (48) hours.**

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant**

**must so notify the Court in writing within ten (10) days.** A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 11th day of June, 2008.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge